# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEREK CAPOZZI,** | : | CIVIL NO. 1:12-CV-604 |
| Petitioner, | : | (Chief Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **WARDEN, UNITED STATES PENITENTIARY, LEWISBURG,** | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

I.  **Statement of Facts and of the Case**

   A.  **Introduction**

This case presents a federal habeas corpus petition filed by the petitioner, Derek Capozzi, a federal inmate, which invites us to examine the results of a prison disciplinary hearing which led to the forfeiture of good time for this federal prisoner. Because we find that Capozzi was afforded a full panoply of procedural protections, and conclude that there is sufficient evidence to support the prison's finding of misconduct, it is recommended that this petition be denied.

   B.  **DHO Proceedings**

The pertinent facts can be simply stated: The petitioner, Derek Capozzi, was convicted in the United States District Court for the District of Massachusetts on charges of Felon in Possession of a Firearm; Attempted Extortion; and Use of a

1

Firearm During a Crime of Violence. (Doc. 9, Ex. 1, Romano Decl., Attach. A.) Currently Capozzi is projected to be released on May 25, 2046. (Id.)

On March 22, 2010 Capozzi was transferred from Lewisburg pursuant to a federal writ. (Id. ¶ 3; Attach. B.) Capozzi escaped from custody on April 15, 2010, while on writ and was placed on escape status on April 16, 2010. (Id.) Two days later, on April 18, 2010, Capozzi was captured and placed back on federal writ status. (Id.) Capozzi then returned to the United States Penitentiary, Lewisburg on July 1, 2011. (Id.)

While Capozzi was on escape status prison staff wrote an incident report on April 15, 2010, citing Capozzi for this escape. (Id. ¶ 4; Attach. C-E.) The processing of the incident report was then suspended pending a referral to the FBI and investigation of this escape. (Id.) Capozzi was then returned to Lewisburg on July 1, 2011, and was provided a copy of the incident report on July 5, 2011. (Id.) On July 6, 2011, Capozzi was also advised as to the reason for the delay in processing the incident report. (Id.; Attach. E.)

Capozzi's disciplinary hearing was then conducted on September 13, 2011. As documented in the hearing report, Capozzi was provided a staff representative at this hearing, after Capozzi was informed that his original choice was unavailable as he had served as a member of the Unit Disciplinary Committee. (Id.) Capozzi was also given

the opportunity make a statement. (Id., Attach. F.) Capozzi took advantage of this opportunity and presented a defense which he reprises in this petition, stating that he did not believe the Bureau of Prisons could hold him responsible for something that happened while he was in state custody while being transported on a writ for a court appearance. (Id.) Capozzi also submitted a written statement, but did not request any witnesses. (Id.) Following this hearing the DHO determined that Capozzi committed the prohibited act of escape. (Id.) This DHO finding turned on some basic, factual findings, which the DHO documented in his written report of this disciplinary decision, a copy of which was provided to Capozzi.( Id.)

Dissatisfied with the outcome of these proceedings, Capozzi filed the instant federal habeas corpus petition challenging this prison incident report issued to him and sanctions subsequently imposed upon him by the Discipline Hearing Officer (DHO). (Id.) In this petition, Capozzi repeats the claim made at this hearing, that his flight while being transported on a writ for court appearances did not amount to a sanctionable escape. This matter has been fully briefed by the parties, (Docs. 1, 9 and 13), and is now ripe for resolution.

For the reasons set forth below, it is recommended that this petition be denied.

**II. Discussion**

## A. This Petition Fails on Its Merits

This habeas corpus petition fails on fundamental, substantive grounds. In this habeas petition Capozzi launches a two-fold constitutional assault upon this prison disciplinary decision, challenging that disciplinary process generally on procedural due process grounds, and asserting that the decision is substantively flawed since there is insufficient evidence to support a finding of misconduct on his part. Yet, Capozzi faces an exacting burden of proof in advancing these two constitutional claims.

### 1. Procedural Standards for DHO Hearings

First, with respect to his procedural due process concerns, it is well established that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The Supreme Court has, however, recognized a set of minimum procedural protections that must apply to prison disciplinary proceedings, including the right to: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety or correctional goals, to call witnesses and present documentary evidence as part of a defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. Id. at 563-67.

Due process also requires that a prison disciplinary tribunal be sufficiently impartial. Meyers v Alldredge, 492 F.2d 296, 305-07 (3d Cir. 1974). The requirement

of an impartial tribunal "prohibits only those officials who have a direct personal or otherwise substantial involvement, such as major participation in a judgmental or decision-making role, in the circumstances underlying the charge from sitting on the disciplinary committee." Meyers, 492 F.2d at 306. In the past, inmates have often invited courts to set aside disciplinary hearing results based upon general assertions of staff bias. Yet, such requests, while frequently made, have rarely been embraced by the courts. Instead, the courts have held that a "generalized critique" of staff impartiality is insufficient to demonstrate the degree of bias necessary to prove a due process violation. Lasko v. Holt, 334 F. App'x 474 (3d Cir. 2009). Furthermore, in the absence of a showing that the hearing officer was "personally or substantially involved in the circumstances underlying [the investigation of the] charge," Greer v. Hogston, 288 F. App'x. 797, 799 (3d Cir. 2008), courts generally decline to strike down disciplinary decisions on claims of staff bias. See Redding v. Holt, 252 F. App'x 488 (3d Cir. 2007).

In the federal prison system, the Bureau of Prisons has, by regulation, adopted specific guidelines for inmate discipline procedures which are set forth at 28 C.F.R. §541.10 et seq. These guidelines are specifically tailored and designed to meet the due process requirements outlined by the Supreme Court in Wolff. See Von Kahl v. Brennan, 855 F. Supp. 1413 (M.D. Pa. 1994). Under these regulations, when prison staff have reason to believe that a prohibited act has been committed by an inmate, an

incident report must be prepared and referred for investigation. 28 C.F.R. §541.14. After investigation, the incident report is referred to a Unit Discipline Committee (UDC) for an initial hearing. 28 C.F.R. §541.15. The inmate, in turn, is entitled to notice of any proposed violation. The UDC may either reach a finding regarding whether a prohibited act was committed, or refer the case to the Discipline Hearing Officer (DHO) for further hearing. 28 C.F.R. §541.15(f). The DHO then has the authority to dismiss any charge, to find a prohibited act was committed, and to impose any available sanction for the act. 28 C.F.R. §541.18. The DHO hearing is conducted pursuant to the procedures set forth at 28 C.F.R. §541.17.

Throughout this hearing process the inmate is provided with a series of procedural rights. For example, the inmate is entitled to notice of the alleged infraction. Specifically, the Warden must give the inmate advance written notice of the charges no less than 24 hours before the DHO hearing. 28 C.F.R. §541.17(a). The inmate is also entitled to assistance at DHO hearings. In particular, the Warden must provide the inmate with a full time staff member to represent him at the DHO hearing. 28 C.F.R. §541.17(b).

The inmate also has a series of procedural rights at the hearing itself. Thus, at the DHO hearing, the inmate is entitled to make a statement and present documentary evidence. The inmate also has the right to submit names of requested witnesses and

have them called to testify and to present documents. While the DHO need not call repetitive witnesses or adverse witnesses, 28 C.F.R. §541.17(c), the DHO shall call those witnesses who have information directly relevant to the charges and who are reasonably available. The inmate has the right to be present throughout the DHO hearing except during deliberation or when institutional security would be jeopardized. 28 C.F.R. §541.17(d).

In addition, the regulations prescribe procedural standards for DHO decision-making. Thus, the regulations require that the DHO must consider all evidence presented at the hearing. The decision of the DHO must be based on the facts presented, and if there is conflicting evidence, it must be based on the greater weight of the evidence. 28 C.F.R. §541.17(f). Finally, the DHO must prepare a record of the proceedings. This record must be sufficient to document the advisement of inmate rights, the DHO's findings, the DHO's decision and the specific evidence relied upon by the DHO. The record must include a brief statement of the reasons for the sanction imposed. A copy of this record must be delivered to the inmate, ordinarily within 10 days of the hearing. 28 C.F.R. §541.17(g).

Given the panoply of procedural protections afforded to inmates by these regulations, courts have consistently held that when prison officials comply with these regulations they fully satisfy the requirements of procedural due process in this prison

disciplinary setting. See, e.g., Fiore v. Lindsay, 336 F. App'x 168 (3d Cir. 2009)(upholding disciplinary decision); Macia v. Williamson, 219 F. App'x 229 (3d Cir. 2007)(same); Reynolds v. Williamson, 197 F. App'x 196 (3d Cir. 2006)(same); Levi v. Holt, 193 F. App'x 172 (3d Cir. 2006)(same); Sinde v. Gerlinski, 252 F. Supp. 2d 144 (M.D.Pa. 2003)(same).

### 2. **Substantive Standards Governing DHO Decisions**

In his habeas corpus petition, Capozzi also attacks the substance of the DHO decision, arguing that there was insufficient evidence to support a finding of misconduct on his part. Like his procedural due process challenge, this substantive attack on the sufficiency of the evidence in this disciplinary hearing must meet a demanding legal standard to succeed. A prison disciplinary determination comports with due process if it is based on "some evidence." See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985) ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board"). This standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence. See id. at 455; Thompson v. Owens, 889 F.2d 500, 501-02 (3d Cir. 1989). Therefore, it is well settled that the decision of the DHO is entitled to considerable deference by a reviewing court and must be upheld whenever there is

"some evidence" to support the decision. Hill, 472 U.S. at 457; Elkin v. Fauver, 969 F.2d 48 (3d Cir.1992); Thompson v. Owens, 889 F.2d 500 (3d Cir. 1989); Franco v. Kelly, 854 F.2d 584, 588 (2d Cir. 1988); Freeman v. Rideout, 808 F.2d 949, 955 (2d Cir. 1986).

Thus, in this setting the "function [of the court] is to determine whether there is some evidence which supports the decision of the [DHO]." Freeman, 808 F.2d at 954. As the Supreme Court has observed, the "some evidence" standard is a highly deferential standard of review and:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Hill, 472 U.S. at 455-456.

Applying this deferential standard, once the reviewing court determines there is "some evidence" to support the finding of the DHO, the court must reject the evidentiary challenge by the petitioner and uphold the finding of the DHO. Griffin v. Spratt, 969 F.2d 16, 22 (3d Cir. 1992); Thompson, 889 F.2d 501; Freeman, 826 F.2d at 954. In practice, courts have rarely condemned correctional disciplinary decisions as being wholly lacking in evidentiary support, and have frequently concluded that disciplinary findings are supported by the requisite degree of proof . See e.g., Fiore v. Lindsay, 336

F. App'x 168 (3d Cir. 2009)(upholding disciplinary decision); Macia v. Williamson, 219 F. App'x 229 (3d Cir. 2007)(same); Reynolds v. Williamson, 197 F. App'x 196 (3d Cir. 2006)(same); Levi v. Holt, 193 F. App'x 172 (3d Cir. 2006)(same); Sinde v. Gerlinski, 252 F. Supp. 2d 144 (M.D.Pa. 2003)(same).

  **C.** **Capozzi Was Afforded His Procedural Due Process Rights at the DHO Hearing, and the DHO Finding of Misconduct is Supported By Adequate Evidence**

Judged against these standards, Capozzi's procedural and substantive challenges to this prison disciplinary proceeding simply fail. First, with respect to Capozzi's procedural due process claims, in this case it is evident that this prisoner's due process rights were fully vindicated. Capozzi received advance, written notice of the proposed disciplinary charges against him. Moreover, he was notified of his procedural due process rights, including his right to have staff assistance and to request witnesses. In this case, Capozzi either exercised those rights, or expressly waived the rights he had in connection with this disciplinary hearing. Furthermore, once the hearing was concluded prison officials scrupulously complied with prison regulations, and afforded Capozzi his due process rights by providing him with written decisions outlining the basis of their actions, and describing his appellate rights.

As for Capozzi's complaints regarding the fairness of the DHO proceedings, the petitioner offers little to support this claim beyond a "generalized critique" of staff

impartiality, which is as a legal matter insufficient to demonstrate the degree of bias necessary to prove a due process violation. Lasko v. Holt, 334 F. App'x 474 (3d Cir. 2009). Thus, the record of these disciplinary proceedings affirmatively reveals that–contrary to his claims–Capozzi was given all of the procedural protections that due process requires in this setting since he was afforded: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence as part of a defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. at 563-67. Given the full array of procedural rights provided to Capozzi during these proceedings, his procedural due process claim fails. See e.g., Fiore v. Lindsay, 336 F. App'x 168 (3d Cir. 2009)(upholding disciplinary decision); Macia v. Williamson, 219 F. App'x 229 (3d Cir. 2007)(same); Reynolds v. Williamson, 197 F. App'x 196 (3d Cir. 2006)(same); Levi v. Holt, 193 F. App'x 172 (3d Cir. 2006)(same); Sinde v. Gerlinski, 252 F. Supp. 2d 144 (M.D.Pa. 2003)(same).

Nor can Capozzi successfully challenge the substantive outcome of the DHO hearing, since it is apparent that this decision is adequately supported by "some evidence" in the record. Indeed, with respect to this issue, the DHO decision is fully supported by the immutable, and undisputed, fact that Capozzi absconded from custody while being transported on a writ. Moreover, Capozzi errs when he suggests that

escaping from custody while being transported on a writ is not a sanctionable "escape" under federal law. Quite the contrary, it is well-settled that a federal prisoner who flees while being held on a writ engages ion conduct constituting an escape, and may be punished for escaping. See e.g., United States v. McCue, 643 F.2d 394, 395 (6th Cir. 1981); United States v. Depew, 977 F.2d 1412, 1413 (10th Cir. 1992); United States v. Hall, 451 F.2d 347, 348 (4th Cir. 1971); United States v. Farley, 424 F.2d 255 (4th Cir. 1970). Therefore, this proof–which undeniably revealed that Capozzi fled while being transported on a writ–clearly constituted substantial evidence establishing Capozzi's responsibility for this infraction. Accordingly, on these facts, we conclude that there was some evidence to support this disciplinary finding. Since there is an adequate factual basis for that disciplinary finding, Capozzi's substantive challenge to this disciplinary action should also be rejected. See e.g., Fiore v. Lindsay, 336 F. App'x 168 (3d Cir. 2009)(upholding disciplinary decision); Macia v. Williamson, 219 F. App'x 229 (3d Cir. 2007)(same); Reynolds v. Williamson, 197 F. App'x 196 (3d Cir. 2006)(same); Levi v. Holt, 193 F. App'x 172 (3d Cir. 2006)(same); Sinde v. Gerlinski, 252 F. Supp. 2d 144 (M.D.Pa. 2003)(same).

### III. **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus, IT IS RECOMMENDED that the Petition be DENIED, and

that a certificate of appealability should not issue. The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 28th day of January 2013.

S/Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge
