IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREK A. CAPOZZI, | : | |
|     Petitioner | : | No. 1:12-cv-00604 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| WARDEN USP-LEWISBURG, | : | (Magistrate Judge Carlson) |
|     Respondent | : | |

## MEMORANDUM ORDER

Presently pending before the Court is a Report and Recommendation of Magistrate Judge Carlson addressing Petitioner's petition for a writ of habeas corpus (Doc. No. 16), Petitioner's objections (Doc. No. 17),[1] and Petitioner's motion to strike Respondent's brief in opposition to Petitioner's objections (Doc. No. 19). For the reasons that follow, the Court will adopt the Report and Recommendation and deny Petitioner's habeas petition and motion to strike.

## I.  BACKGROUND

In 2000, Petitioner Derek Capozzi was convicted in the United States District Court for the District of Massachusetts on charges of felon in possession of a firearm and ammunition, attempted extortion affecting commerce, and use of a firearm during a crime of violence. (Doc. No. 9-1 at 7; see also United States v. Capozzi, 98-cr-10087 (D. Mass.).) Following his conviction, Petitioner was housed at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"). On March 10, 2010, the United States District Court for the Eastern

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Rule 72(b) of the Federal Rules of Civil Procedure, provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

1

District of Kentucky issued a writ of habeas corpus ad testificandum, directing the Warden of USP-Lewisburg to deliver Petitioner into the custody of the United States Marshals to permit his attendance at the trial of Christopher Cramer in London, Kentucky, on April 5, 2010. See Capozzi, No. 10-cr-00041 (E.D. Ky.) On March 22, 2010, the United States Marshals transferred Petitioner from USP-Lewisburg to the Grayson County Detention Center ("GCDC") at Litchfield, Kentucky. (Doc. No. 9-1 at 3; Doc. No. 1 at 4.) The GCDC contracted with the Marshals "to hold and house federal inmates [who] were in the custody of the Attorney General of the United States." Capozzi, No. 10-cr-41, 2010 WL 4962919, at *1 (E.D. Ky. Nov. 30, 2010). On April 15, 2010, Petitioner escaped from the custody of GCDC officials. (Doc. No. 9-1 at 17.) He was later captured and returned to USP-Lewisburg. (Id.)

While Petitioner was on escape status, USP-Lewisburg staff prepared an incident report relating to his escape, and he was provided with a copy of the report on July 5, 2011. (Id.) A disciplinary hearing was held on September 13, 2011, at which Petitioner argued that the Bureau of Prisons ("BOP") lacked the authority to discipline him for his escape because the escape occurred while he was in the custody of the GCDC. (Id.) The Disciplinary Hearing Officer rejected Petitioner's argument and determined that Petitioner committed the prohibited act of escape. (Id. at 4.)

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on April 3, 2012. (Doc. No. 1.) In the petition, Petitioner claims that the BOP lacked jurisdiction to sanction him for his escape. Magistrate Judge Carlson issued a Report and Recommendation on January 28, 2013, recommending that the petition be denied. (Doc. No. 16.) Petitioner filed objections to the report on February 15, 2013 (Doc. No. 17), and Respondents filed a response to

Petitioner's objections on February 26, 2013 (Doc. No. 18). Petitioner moved to strike Respondent's response on March 15, 2013. (Doc. No. 19.)

## II. DISCUSSION

In his objections, Petitioner does not challenge any of Magistrate Judge Carlson's findings with respect to the process of the disciplinary hearing held on September 13, 2011. (Doc. No. 17 at 9.) Indeed, Petitioner explicitly states that "all . . . proceedings were fairly conducted and staff were not bias." (Id.) Petitioner, instead, contends that Magistrate Judge Carlson erred in concluding that the BOP may sanction a federal prisoner who escapes from custody while being held on a writ. (Id. at 12.) Specifically, Petitioner argues that, although he violated 18 U.S.C. § 751(a), the BOP lacked jurisdiction to discipline him for his escape under 28 C.F.R. § 541.2 because he was not in the BOP's physical custody at that time. (Id.)

As a federal inmate who was "sentenced to a term of imprisonment pursuant to the provisions of subchapter D of chapter 227," Petitioner is committed to the BOP's custody until the expiration of his term. 18 U.S.C. § 3621(a). All inmates in the BOP's custody are subject to the BOP's inmate disciplinary program. 28 C.F.R. § 541.2. Petitioner, however, argues that the disciplinary program did not apply to him because the implementing instructions under 28 C.F.R. § 541.2 provide that the program is not applicable to "Federal inmates designated to a non-Federal facility (e.g., inmates serving Federal sentences in state or county facilities)." (Doc. No. 19-1.) In Petitioner's view, the BOP designated him to a non-federal facility while he was out on writ, and, as a result, its disciplinary program was not applicable at the time of his escape from the physical custody of GCDC officials. (Doc. No. 19 at 19.)

The flaw in Petitioner's argument is that the BOP never "designated" him to serve his

federal sentence in a non-federal facility. Rather, the Warden of USP-Lewisburg was directed, by a writ issued by a federal court, to deliver Petitioner into the custody of the Marshals. Thus, Petitioner was present in Kentucky – and in the physical custody of GCDC officials – only by virtue of that writ. Although Petitioner was housed at a state facility, instead of a federal facility, the BOP did not designate him to serve the remainder of his federal sentence at that state facility and, thus, the provisions of its inmate disciplinary program remained applicable to him at all times. (See Doc. No. 21-1 ¶¶ 4-5.) Accordingly, Magistrate Judge Carlson did not err in concluding that the BOP had jurisdiction to initiate disciplinary proceedings against Petitioner relating to his escape.

**ACCORDINGLY**, on this 22nd day of April 2013, **IT IS HEREBY ORDERED THAT** Magistrate Judge Carlson's Report and Recommendation (Doc. No. 16) is **ADOPTED**, Petitioner's objections (Doc. No. 17) are **OVERRULED**, and Petitioner's petition for a writ of habeas corpus (Doc. No. 1) and motion to strike Respondent's briefs in opposition (Doc. No. 19, 22) are **DENIED**. The Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania